Robert W. Shely, I, Litigation Counsel, Bryan Cave LLP, Phoenix, AZ, Rodney Wayne Ott, Esquire, Counsel, Quarles & Brady LLP, Phoenix, AZ, for Defendants-Appellees

Before: GOULD, CLIFTON, and HURWITZ, Circuit Judges.

### MEMORANDUM **

Stanley J. Dale appeals pro se from the district court's judgment dismissing his action alleging federal and state law claims related to the modification of his mortgage loan. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010). We affirm.

The district court properly dismissed Dale's action because Dale failed to allege facts sufficient to state plausible claims for fraud, misrepresentation, and violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"). *See id.* at 341-42 (although pro se pleadings are liberally construed, a plaintiff must still present factual allegations sufficient to state a plausible claim for relief); *see also Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (Fed. R. Civ. P. 9(b)'s particularity requirement applies to RICO claims and state law claims that allege fraudulent conduct).

The district court did not abuse its discretion by denying Dale leave to amend because amendment would have been futile. *See Chodos v. West Publ'g Co., Inc.*, 292 F.3d 992, 1003 (9th Cir. 2002) ("[W]hen a district court has already granted a plaintiff leave to amend, its discretion in deciding subsequent motions to amend is particularly broad" (citation and internal quotation marks omitted)); *Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725-26 (9th Cir. 2000) (standard of review).

**AFFIRMED.**

**Marion I. HOWELL; Francis L. Howell, Plaintiffs-Appellees,**

v.

**Travis EARL, individually and as agent of Gallatin County Sheriff's Department, State of Montana; Kelli Munter, individually and as agent of Gallatin County Sheriff's Department, State of Montana, Defendants,**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Gallatin County, a political subdivision of the state of Montana; James Sulages, individually and as agent of the Montana Highway Patrol, state of Montana; State of Montana, Defendants,

and

Scott Secor, individually and as agent of Gallatin County Sheriff's Department, State of Montana, Defendant-Appellant.

No. 14-35652

United States Court of Appeals, Ninth Circuit.

Submitted April 7, 2017 *
Seattle, Washington

Filed April 19, 2017

Terry F. Schaplow, I, Attorney, Terry F. Schaplow, P.C., Bozeman, MT, for Plaintiff-Appellee

Elizabeth Ann O'Halloran, Esquire, Attorney, Helena, MT, Gregory L. Bonilla, Attorney, MACo Legal Services, Helena, MT, for Defendants Travis Earl, Kelli Munter, Gallatin County

Elizabeth Ann O'Halloran, Esquire, Attorney, Helena, MT, Gregory L. Bonilla, Attorney, MACo Legal Services, Helena, MT, for Defendant-Appellant Scott Secor

Andres Haladay, State of Montana Department of Justice, Agency Legal Services Bureau, Helena, MT, for Defendants James Sulages, State of Montana

Before: W. FLETCHER and GOULD, Circuit Judges, and BLOCK,** District Judge.

MEMORANDUM ***

Gallatin County Sheriff's Deputy Scott Secor responded to the home of Francis and Marion Howell on information that a person involved in a car crash was present

* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

** The Honorable Frederic Block, United States Senior District Judge for the Eastern District of New York, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

there. During the response, Secor entered the Howells' home without a warrant. The Howells brought this action under 42 U.S.C. § 1983, claiming in part that Secor entered their home in violation of the United States and Montana Constitutions. A jury found for the Howells on the unlawful entry claims and for the defendants on all other claims. Secor appealed the judgment against him, challenging two questions included in the jury's special verdict form: Special Verdict Question 12, "Did Deputy Secor unlawfully enter the Howell[s'] home in violation of the Fourth Amendment on June 26, 2011?"; and Special Verdict Question 15, "Did Deputy Secor unlawfully enter the Howell[s'] home in violation of Article II, Section 11 of the Montana Constitution on June 26, 2011?" We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Secor contends that the special verdict questions were an incomplete statement of the law because they did not require the jury to find that Secor's entry into the home was combined with "an attempt to find something or to obtain information within the residence." Secor's challenge reflects language from recent Supreme Court decisions suggesting that government officials do not conduct a "search" within the Fourth Amendment unless they are seeking an object or information.[1] See United States v. Jones, 565 U.S. 400, 408 n.5, 132 S.Ct. 945, 181 L.Ed.2d 911 (2012) ("Trespass alone does not qualify [as a search], but there must be conjoined with that what was present here: an attempt to find something or to obtain information."); Grady v. North Carolina, —— U.S. ——, 135 S.Ct. 1368, 1371, 191 L.Ed.2d 459 (2015) (per curiam) (characterizing Jones as "noting that a government intrusion is not a search unless done to obtain information" (internal quotation marks omitted)).

We need not, and do not, address whether a Fourth Amendment search requires a particular purpose on the part of the officer to seek information, because the record in this case makes clear that Secor was seeking information when he entered the Howells' home without a warrant. By Secor's own testimony, he entered the home to ensure that someone was supervising a young boy he had seen outside the house. Even if Secor was not looking for the person involved in the car crash, he was looking for information when he entered the home. It does not matter that the information Secor was seeking was possibly unrelated to a criminal investigation. See Grady, 135 S.Ct. at 1371 ("[T]he government's purpose in collecting information does not control whether the method of collection constitutes a search."); see also City of Ontario v. Quon, 560 U.S. 746, 755, 130 S.Ct. 2619, 177 L.Ed.2d 216 (2010) ("It is well settled that the Fourth Amendment's protection extends beyond the sphere of criminal investigations.").

Secor's admission is sufficient to reject his claims under both the United States and Montana Constitutions. There is another reason to reject Secor's claims under the Montana Constitution: the protections of Article II, Section 11 are not coextensive with the Supreme Court's interpretation of the Fourth Amendment. See State

---

1. We note that Secor's challenge seems misplaced. The law governing the Howells' claims was presented to the jury in the form of instructions. Secor's legal challenge is therefore more appropriately targeted at the jury instructions, not the special verdict form. Nevertheless, we address Secor's arguments as he presents them. We determine whether the district court abused its discretion in its choice to not include language in the special verdict form regarding Secor's purpose when entering the home. See United States v. Reed, 147 F.3d 1178, 1180 (9th Cir. 1998) (addressing a challenge to a special verdict form under an abuse of discretion standard).

*v. Bullock*, 272 Mont. 361, 384, 901 P.2d 61 (1995). In some instances, Section 11 provides greater protections. *See, e.g., id.* (granting greater privacy protections in "open fields" than under the Fourth Amendment). Secor cites to no Montana case law requiring that an officer be seeking information for his actions to constitute a search.

We hold that the district court did not abuse its discretion in formulating Special Verdict Questions 12 and 15.

**AFFIRMED**